# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

*VIA EMAIL AND CERTIFIED MAIL*                                   September 18, 2020

Jocelyn Benson
Secretary of State
Richard H. Austin Building
430 W. Allegan, 4th Floor
Lansing, MI 48933
Secretary@michigan.gov

> **Re:     Statutory Notice of Violation of National Voter Registration Act
>                 Request for Meeting**

Dear Secretary Benson:

Based upon our findings outlined below, I am required to write your offices pursuant to 52 U.S.C. § 205010(b) to notify you that it appears to us that the State of Michigan is not in compliance with the requirements of Section 8 of the National Voter  Registration Act of 1993 ("NVRA"). This federal statute requires election officials to make a reasonable effort to maintain their voter registration lists. 52 U.S.C. §§ 20507(a)(4).

You are receiving this letter because, as Michigan's chief election official, you are ultimately responsible under state and federal law for maintaining accurate and current voter registration lists. **We request an immediate meeting, via telephone or video, if necessary**, to discuss what action will be taken to bring Michigan into compliance with state and federal law. We are hopeful that we may reach a resolution so that we do not need to initiate litigation to cure these defects.

## I.     Evidence of Inadequate List Maintenance

### 1.   Potentially Deceased Registrants with an Active Registration.

In September 2019, we purchased a copy of the Michigan qualified voter file from your offices. The "active" portion of the extract was compared against the U.S. Social Security Death Index (SSDI), a database made available via the U.S. Social Security Administration. Where possible, voter registration entries were compared against the SSDI *and* printed obituaries and other public notices.

**Exhibit 4, Page 1 of 3**

Our analysis showed there were potentially more than **34,000 deceased individuals** with an active registration in the State of Michigan at that time. Some matches list dates of death in the 1940s, 1950s, 1970s, 1980s, and 1990s. For some, voting credits were apparently assigned for federal contests that occurred after respective dates of SSDI-listed deaths with respect to the 2016 and 2018 General Elections. Only your office can conclusively determine whether these document trails reflecting the voting credits shown in the purchased voter extract are accurate.

As you are likely aware, the National Voter Registration Act of 1993 ("NVRA") requires your office to use reasonable efforts to identify and remove registrants who are deceased. 52 U.S.C. § 20507(a)(4)(A).

We have utilized multiple means to verify these potentially deceased registrants, but ultimately only your office can conclusively determine whether the registrants are indeed deceased and whether voting credits were accurately issued for some registrants in subsequent elections.

### 2.  Potential Duplicate Registrations Showing Voting Credits

Our analysis also found apparent duplicate registrations for the same person. Federal law requires that list maintenance be "conducted in a manner that ensures that … duplicate names are eliminated from the computerized list" of registrants. 52 U.S.C. § 21083(a)(2)(B)(iii). Furthermore, Michigan law places an affirmative duty on election officials to confirm whether an applicant is already registered to vote, and if so, initiate the cancellation of the previous registration:

> At the time an elector is applying for registration, the registration officer shall ascertain if the elector is already registered as an elector. If the elector is previously registered, the elector shall at the time of applying for registration sign an authorization to cancel a previous registration.

MCL § 168.505(1).

Based on our research, it appears your office is not doing an adequate job checking for existing registrations and/or not cancelling previous registrations when found. Regardless, duplicate registrations are in direct violation of MCL § 168.505(l). Further, MCL 168.509m(1)(d) provides that voter registration laws exist [t]o increase the integrity of the voting process by creating a single qualified voter file that will permit the name of each citizen of this state to appear only once and that is compiled from other state files that require citizens to verify their identity and residence. Thus, having duplicate and triplicate registrations on your voter roll is in direct violation of Michigan law.

Based on the Foundation's research, for the 2016 General Election, **7,140** potential duplicate registrations were apparently assigned voting credits according to government records. For the 2018 General Election, **6,457** potential duplicate registrations were apparently assigned voting credits according to government records. The Foundation cannot confirm whether the apparent duplicate registrations did or did not cast ballots, only that the records from the State of Michigan indicated that they did.

**Exhibit 4, Page 2 of 3**

The NVRA and Michigan law require your office to make a reasonable effort to remove the names of registrants who have moved to a different jurisdiction or failed to respond to official mailings. 52 U.S.C. § 20507(a)(4)(B); When the same registrant is listed more than once on the official list of eligible registrants, it risks the possibility that the duplicate entry will not be flagged for cancellation. In that regard, the State of Michigan's failure to identify and investigate duplicate registrations is not "reasonable," in violation of the NVRA. 52 U.S.C. § 20507(a)(4).

## II.    Notice of Violation

This letter serves as  your statutory notice pursuant to 52 U.S.C. § 20510(b) of violations of Section 8 of the NVRA,  52 U.S.C. § 20507.

Because the ongoing violations described herein are occurring within 120 days of an election for federal office, you may face federal litigation if the violations are not cured with 20 days of your receipt of this letter. 52 U.S.C. § 20510(b)(2).

## III.    Request for Meeting

Our representatives are available to meet with you, via telephone or video, if needed, to discuss our research and a remedial plan within the next week. Please let us know which date(s) and time(s) you prefer.

Should you need to contact the Foundation regarding this matter, please contact me at lchurchwell@publicinterestlegal.org. Thank you for your service on this matter.

Sincerely,

Logan Churchwell
Communications & Research Director
Public Interest Legal Foundation
lchurchwell@publicinterestlegal.org

3

**Exhibit 4, Page 3 of 3**