UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PUBLIC INTEREST LEGAL
FOUNDATION,

    Plaintiff,

v

JOCELYN BENSON, in her official capacity
as Michigan Secretary of State,

    Defendant.

No. 1:21-cv-00929

HON. JANE M. BECKERING

Kaylan Phillips
Noel Johnson
Charlotte M. Davis
Public Interest Legal Foundation
107 S. West St, Ste 700
Alexandria, Virginia 22314
317.203.5599
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org
cdavis@publicinterestlegal.org

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
PO Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

Noah Baron
Joel Ramirez
Joshua Harris
Attorneys for Intervenor-
Defendants APRI, MARA and Rise
Inc.

**DEFENDANT SECRETARY OF STATE JOCELYN BENSON'S MOTION TO COMPEL**

Defendant Secretary of State Jocelyn Benson, by counsel, moves this Court for an Order under Fed. R. Civ. P. 37(a)(3)(B) and 37(4), for the following reasons:

1. Defendant served discovery requests on November 8, 2022.

2. PILF provided responses to requests to admit on December 8, 2022.

3. PILF's December 8, 2022 responses to requests to admit included claims of privilege and confidentiality, but failed to identify the nature of any privilege or the legal grounds on which such claims rested.

4. Fed. R. Civ. P. 26(b)(5)(A) requires that a party withholding information on grounds of privilege must "expressly make the claim" and describe the nature of any documents withheld in such a manner that—without revealing privileged information—allows other parties to assess the claim.

5. PILF has not complied with Fed. R. Civ. P. 26(b)(5)(A), and an order compelling its compliance is appropriate.

6. PILF—after requesting a two-week extension of time to generate responses—provided answers to interrogatories and requests to produce on December 16, 2022.

7. PILF's answers were evasive or incomplete.

8. In particular, PILF's responses failed to provide any of the requested detail or specific information about the methods used by PILF to create its lists of "potentially deceased" voters described in the complaint in this matter.

9. PILF produced 122 pages of documents and 4 spreadsheets. However, of those 122 pages, 107 consisted of two Michigan Auditor General reports.

10. PILF produced just 15 pages of documents, many of which were already attached to the complaint as exhibits.

11. Simply put, PILF produced essentially no documents, and—in particular—no documents related to the creation of its lists of "potentially deceased" voters.

12. PILF's response to Interrogatory 8, however, stated that more information would be provided in a future expert report.

13. But PILF created its lists in 2019 and 2021, and so they are already completed and factual information about their creation should already be in PILF's possession, custody, or control.

14. Because PILF's answers to discovery were evasive or incomplete, and so an order to compel is appropriate under Fed. R. Civ. P. 37(a)(4).

15. After PILF provided its incomplete responses, Defendant attempted to clarify its responses and avoid the need for this motion on January 26, 2023 and again on February 21, 2023.

16. Plaintiff has failed to provide a privilege log, provide the details requested in interrogatories, or produce documents responsive to Defendant's requests.

17. Concurrence in the relief sought in this motion was requested on March 13, 2023, but concurrence was not obtained.

**RELIEF REQUESTED**

Accordingly, for the reasons explained above and in her supporting brief, Defendant Secretary Benson respectfully requests this Honorable Court enter an Order compelling Plaintiff PILF to:

(1) Explicitly state the nature and legal basis for any claim of privilege;

(2) Produce a privilege log describing any material withheld on the basis of privilege in a manner that makes it possible for Defendant (and the Court) to assess the claims of privilege;

(3) Answer Interrogatories 2, 4, 5, 7, 11, 12, 13, 14, and 15 in a manner that provides the requested detail about the methods PILF used to create its 2019 and 2021 lists of "potentially deceased" registrants;

(4) Produce documents responsive to Requests 2, 4, 5, 7, 11, 14, and 15 concerning the creation—and methods used to create—PILF's 2019 and 2021 lists of "potentially deceased" registrants;

(5) Award costs and attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A);

together with any other relief the Court determines to appropriate under the circumstances.

Respectfully submitted,

DANA NESSEL
Attorney General

*s/Erik A. Grill*
Erik A. Grill (P64713)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: grille@michigan.gov
(P64713)

Dated: March 13, 2023

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Erik A. Grill*
Erik A. Grill (P64713)
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  grille@michigan.gov
P64713